| | |
|---|---|
| Name | Jana Lynn Busby |
| Street Address | 1305 37th Street |
| City and County | Sacramento, |
| State and Zip Code | CA 95816 |
| Telephone Number | 916-662-6454 |

FILED

MAY 0 1 2020

CLERK, U.S. DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA
BY _____
        DEPUTY CLERK

## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF CALIFORNIA

Jana Lynn Busby
_____

*(Write the full name of each plaintiff who is filing this complaint. If the names of all the plaintiffs cannot fit in the space above, please write "see attached" in the space and attach an additional page with the full list of names.)*

-against-

US Small Business Administration,
Jovita Carranza, Administrator
formerly Linda McMahon

*(Write the full name of each defendant who is being sued. If the names of all the defendants cannot fit in the space above, please write "see attached" in the space and attach an additional page with the full list of names.)*

**Complaint for a Civil Case**

Case No. 2:20-CV 0 898- TLN KJN PS

*(to be filled in by the Clerk's Office)*

Jury Trial: ☒ Yes ☐ No
*(check one)*

## I.    The Parties to This Complaint

### A.    The Plaintiff(s)

Provide the information below for each plaintiff named in the complaint.  Attach additional pages if needed.

| | |
|---|---|
| Name | Jana Lynn Busby |
| Street Address | 1305 37th Street |
| City and County | Sacramento, Sacramento |
| State and Zip Code | CA 95816 |
| Telephone Number | 916- 662-6454 |

### B.    The Defendant(s)

Provide the information below for each defendant named in the complaint, whether the defendant is an individual, a government agency, an organization, or a corporation.  For an individual defendant, include the person's job or title (if known).  Attach additional pages if needed.

Defendant No. 1

| | |
|---|---|
| Name | Dori Whiting |
| Job or Title (if known) | Human Resources Manager |
| Street Address | 6501 Sylvan Road |
| City and County | Citrus Heights |
| State and Zip Code | California 95610 |
| Telephone Number | 916 - 735-1700 |

Defendant No. 2

| | |
|---|---|
| Name | Karen Diaz |
| Job or Title (if known) | Human Resources Assistant |
| Street Address | 6501 Sylvan Road |
| City and County | Citrus Heights |
| State and Zip Code | CA 95610 |
| Telephone Number | (916) 735-1700 |

2

Defendant No. 3

| | |
|---|---|
| Name | Debra Perry    GS-15 |
| Job or Title (if known) | Director of Human Resources |
| Street Address | 13221 Woodland Park Road |
| City and County | Herndon    Fairfax County |
| State and Zip Code | Virginia    20171 |
| Telephone Number | (703) 487-8221 |

Defendant No. 4

| | |
|---|---|
| Name | Robert Blocker |
| Job or Title (if known) | Loan Officer/Loan Specialist |
| Street Address | 4300 Amon Carter Blvd |
| City and County | Ft. Worth, Texas    Tarrant County |
| State and Zip Code | Texas, 76155 |
| Telephone Number | 817-684-5500 |

## II.    Basis for Jurisdiction

Federal Courts are courts of limited jurisdiction (limited power).  Generally, only two types of cases can be heard in Federal Court: cases involving a federal question and cases involving diversity of citizenship of the parties.  Under 28 U.S.C. § 1331, a case arising under the United States Constitution or federal laws or treaties is a federal question case. Under 28 U.S.C. § 1332, a case in which a citizen of one state sues a citizen of another state or nation and the amount at stake is more than $75,000 is a diversity of citizenship case.  In a diversity of citizenship case, no defendant may be a citizen of the same state as any plaintiff.

What is the basis for Federal Court jurisdiction?  *(check all that apply)*

☒ Federal question                   ☐ Diversity of citizenship

3

Fill out the paragraphs in this section that apply to this case.

**A.**  **If the Basis for Jurisdiction Is a Federal Question**

List the specific federal statutes, federal treaties, and/or provisions of the United States Constitution that are at issue in this case.

1973 Rehabilitation Act Section 501
disability discrimination; takes its legal
principles from American Disabilities Act as
Amended

**B.**  **If the Basis for Jurisdiction Is Diversity of Citizenship**

1.  The Plaintiff(s)

    a.  If the plaintiff is an individual

        The plaintiff, *(name)* ____ _____ ___ __, is a citizen of the State of *(name)* _ _____.

    b.  If the plaintiff is a corporation

        The plaintiff, *(name)* _____, is incorporated under the laws of the State of *(name)* _____, and has its principal place of business in the State of *(name)* _____.

        *(If more than one plaintiff is named in the complaint, attach an additional page providing the same information for each additional plaintiff.)*

2.  The Defendant(s)

    a.  If the defendant is an individual

        The defendant, *(name)* _____, is a citizen of the State of *(name)* _____. *Or* is a citizen of *(foreign nation)* _____.

### III. Statement of Claim

Write a short and plain statement of the claim. Do not make legal arguments. State as briefly as possible the facts showing that each Plaintiff, Jana Busby, is entitled to the damages or other relief sought. State how each defendant was involved and what each defendant did that caused the Plaintiff, Jana Busby, harm or violated the Plaintiff, Jana Busby,'s rights, including the dates and places of that involvement or conduct. If more than one claim is asserted, number each claim and write a short and plain statement of each claim in a separate paragraph. Attach additional pages if needed.

1. Dori changed her testimony about Karen Diaz. Dori offered that all the resumes went through so this testimony helps me as evidence. Evasive— did not know Robert Blocker— it was her job to know everyone hired. Referring my call to the Officer of Human Resources (get official title — conflicts with Karen's testimony) Dori stated that Karen Diaz stated she was the one who told me that I could not have a reasonable accommodation. Karen Diaz stated she was the one who stated, "We don't do that here." She changed her testimony. Her inquiry into reasonable accommodation resulted in her not being interviewed or selected for the Loan Officer position.

Karen's second statement of not remembering of asking IT about equipment vs first statement that she asked IT about DVRs *afterwards* and find out that US Small Business Administration does not have DVRs but did not tell Ms. Busby. This is a conflicting statement.

3. Robert Blocker never offered that he was in Citrus Heights, CA.  By not offering he was in Citrus Heights, CA, his statement confirms a coverup.  This fact leads to the harm.

4. Debra Perry never called me back to let me know if Dragon voice activation was compatible with the Citrus Heights, California mainframe computer system.

b.    If the defendant is a corporation

The defendant, *(name)* _____ _____ _____, is incorporated under the laws of the State of *(name)* _____, and has its principal place of business in the State of *(name)* _____. *Or is* incorporated under the laws of *(foreign nation)* _____, and has its principal place of business in *(name)* _____.

*(If more than one defendant is named in the complaint, attach an additional page providing the same information for each additional defendant.)*

3.    The Amount in Controversy

The amount in controversy—the amount the plaintiff claims the defendant owes or the amount at stake—is more than $75,000, not counting interest and costs of court, because *(explain):*

_____ $ 25000 _____

_____

_____

## III.    Statement of Claim

Write a short and plain statement of the claim. Do not make legal arguments. State as briefly as possible the facts showing that each plaintiff is entitled to the damages or other relief sought. State how each defendant was involved and what each defendant did that caused the plaintiff harm or violated the plaintiff's rights, including the dates and places of that involvement or conduct. If more than one claim is asserted, number each claim and write a short and plain statement of each claim in a separate paragraph. Attach additional pages if needed.

_See attached pages_____

_____

_____

_____

_____

5

## IV.    Relief

State briefly and precisely what damages or other relief the plaintiff asks the court to order.  Do not make legal arguments.  Include any basis for claiming that the wrongs alleged are continuing at the present time.  Include the amounts of any actual damages claimed for the acts alleged and the basis for these amounts.  Include any punitive or exemplary damages claimed, the amounts, and the reasons you claim you are entitled to actual or punitive money damages.

I want a financial settlement. I was not hired for Hurricane Harvey, and I should have been. This amount represents a minimum loss of 4 months of full-time income plus all of the over-time.

## V.    Certification and Closing

Under Federal Rule of Civil Procedure 11, by signing below, I certify to the best of my knowledge, information, and belief that this complaint: (1) is not being presented for an improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; (2) is supported by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Rule 11.

I agree to provide the Clerk's Office with any changes to my address where case-related papers may be served.  I understand that my failure to keep a current address on file with the Clerk's Office may result in the dismissal of my case.

Date of signing:  5 - 1 , 2020 .

Signature of Plaintiff    _Jana Busby_

Printed Name of Plaintiff    Jana Lynn Busby

6

# NATURE OF THE ACTION

1.    This is an action for relief from employment discrimination in violation of the Rehabilitation Act of 1973 section 501.  Section 501 of the Rehabilitation Act is a federal civil rights law that prohibits federal agencies from discriminating against job applicants and employees based on disability, and requires agencies to engage in affirmative action for individuals with disabilities.  This claim is brought under the American Disability Act as Amended.

2.    Plaintiff, Jana Busby, alleges that Defendant, US Small Business Administration ("US Small Business Administration"), unlawfully discriminated against her on the basis of disability.

3.    Plaintiff, Jana Busby, further alleges that Defendant, US Small Business Administration's policies, practices, and decisions had a disparate treatment upon her based on her disability.

4.    Plaintiff, Jana Busby, further alleges that Defendant, US Small Business Administration, denied Ms. Busby a reasonable accommodation as a federal applicant.

5.    Plaintiff, Jana Busby, is seeking injunctive relief, reasonable attorneys' fees and costs as remedies for Defendant's violations of her rights.

6.    I want a jury trial of my peers in this civil action.

# THE PARTIES

7.    Plaintiff, Jana Busby, has a disability, a physical impairment, namely cervical radiculopathy, which includes severe pain resulting from entrapped nerves in both her right and left arms, elbows and hands with surgical intervention and has substantially limited major life activities such as cooking, cleaning, shopping and working.  My

disability is neurological with physiological symptoms that are permanent.  Surgical intervention is ongoing.

8.      Defendant US Small Business Administration was also an "employer" within the meaning of the Rehabilitation Act of 1973.

9.      Upon information and belief, Defendant, US Small Business Administration, is a federal employer.  Defendant US Small Business Administration operates the office in Citrus Heights, California where all or most of the events alleged herein occurred.

10.     At all times relevant herein, Defendant US Small Business Administration had at least fifteen employees and was therefore an "employer" within the meaning of the Rehabilitation Act of 1973 Section 501.

11.     Defendant US Small Business Administration is liable for the acts of their agents and employees as set forth below.

## JURISDICTION AND VENUE

12.     This Court has supplemental jurisdiction over the related state law claims pursuant to 28 United StatesC. § 1367(a) because those claims form part of the same case or controversy under Article III of the United States Constitution. Plaintiff, Jana Busby, state law claims share all common operative facts with their federal law claims, and the parties are identical. Resolving Plaintiff Jana Busby's federal and state claims in a single action serves the interests of judicial economy, convenience, consistency, and fairness to the parties.

13.     Venue is proper in, and Defendants are subject to the personal jurisdiction of, this Court because Defendant maintains business operations in this District, and all or

most of the events giving rise to this action occurred in this District. 28 United States C. § 1391(b).

## EXHAUSTION OF ADMINISTRATIVE REMEDIES

14.    Plaintiff, Jana Busby, timely filed charges of discrimination with the United States Equal Employment Opportunity Commission ("EEOC"). On or around February 6, 2020, the EEOC issued Plaintiff, Jana Busby, a Notice  of Right to Sue.

15.    Plaintiff, Jana Busby, has timely filed this action and has complied with all administrative prerequisites to bring this lawsuit.

## FACTUAL ALLEGATIONS

15.    On August 29, 2017 at 12:33 p.m., I called the United States Small Business Administration office in Citrus Heights, California to ask if their agency was accepting applications for the Loan Officer/Loan Specialist position for Hurricane Harvey.  I had been offered the same position over the telephone in 2012 without an interview for Superstorm Sandy because I had a Masters in Business Administration for Schedule A temporary service.

I was told "yes" and quoted $21 per hour for the job.  I sent my resume in.

3

On August 29, 2017, the same day at 1:15 p.m., I called the Citrus Heights, California

Small Business Administration, United States office back to inquire about the compatibility of

Dragon voice activation with its mainframe computer system. Ms. Karen Diaz, Human

Resources Assistant, stated, "We do not do that here." Also, Ms. Diaz       asked me if I

was disabled because she did not understand what I was asking about as far as the details of

Dragon voice activation and the compatibility issue. I stated "yes."

Also, I had requested to speak to the Head of Human Resources and Ms. Diaz refused

to transfer me to Ms. Whiting. Additionally, I wanted to speak to someone in Information

Technology and Ms. Diaz refused and said their department was too busy.

She gave me Deborah Perry's (reasonable accommodation personnel in Virginia)

phone  number and told me to call her.

Later on August 29, 2017 at 4:30 p.m, I called the United States Small Business

Administration to ask to speak to the Head of Human Resources but the front desk operator

would not transfer me.

**16. Otherwise Qualified:**

I was otherwise qualified with an MBA with Schedule A:  Schedule A allows

Individuals to apply for a Federal appointment through a noncompetitive hiring process. This

means that if an applicant meets  the eligibility status of the appointment, and they may be

hired for that position without competing with the general public.

4

**17. Discrimination:**

My disability was the sole motivating factor in the United States Small Business Administration's decision not to hire me and/or reasonably accommodate me as evinced by the Roster Sheets, staffs, inconsistent and contradictory statements, and other relevant evidence.

The US Small Business Administration stated hiring was on an as needed basis. This is not a legitimate reason for denying me a reasonable accommodation of Dragon voice activation. Hiring for Hurricane Harvey was urgent, not on an as-needed basis. After my last call to Robert Blocker, who called me from the US Small Business Administration, and not to interview me on September 11, 2017, there were still openings for the Loan Officer/Loan Specialist position advertised in the *Sacramento Bee* on September 15, 2017.

On September 9, 2017, I received a call from Robert Blocker, Loan Specialist from Ft. Worth, Texas. He left the following voice mail message: "Hi Ms. Busby. This is Rob Blocker with the Small Business Administration. I have reviewed your resume and if you would just give me a call.    I understand you had some concerns about not being called.....offered a job or an interview but please give me a call. I would like to talk with you about some of your experience and some of the things that we look for when we hire loan officers. So if you would you could please call me back at 1-800-366-6303 x 3168. Thank you."

On September 11, 2017, I called Robert Blocker back twice at 2:13 p.m. and at 4:37 p.m. and left messages for him to please call me for an interview.

On September 12, 2017, I wrote an email to Sandra Winston, the head of the Equal Employment Opportunity Commission at the United States Small Business Administration, about how horribly I had been treated as a disabled job applicant.

On September 13, 2017, at 12:20 p.m., I received a call from Robert Blocker, Loan Officer/Loan Specialist. His message said the following: "Hi Jana. This is Rob Blocker again with the Small Business Administration.....uhh sorry I missed your earlier call.....call me back again at 800-366-6303 extension 3168. Thank you."

I was never asked to interview despite the fact that I was otherwise qualified with a Master's in Business Administration; on the initial Roster Sheet of applicants for the qualified Citrus Heights, California office; my resume was sent through with all of the other qualified applicants; and was not on the final list of hired applicants; Gaye Walker, Manager of the internal Equal Employment Office of the United States Small Business Administration, stated that the Roster Sheets were not applicable to this investigation.

**FAILURE TO REASONABLY ACCOMMODATE CLAIM**

18. As the Plaintiff, in order to prevail in my claim that the United States Small Business Administration failed to reasonably accommodate my disability, I must show the following five elements:

19. First, I have detailed my disability for element one of a failure to reasonably accommodate.

20. Two, that the US Small Business Administration, Defendant, knew of Jana Busby, Plaintiff's disability. On August 29, 2017, when I called into the United States Small Business Administration a second time at 1:15 p.m. and spoke with Karen Diaz, Human Resources Specialist, for the first time, she stated in the Southwind Investigation the following: "At that point we were getting like I said hundreds and hundreds of phone calls a day, so I put her on hold, I went to Dori, I stuck my head in and told her, I said, I have - - I didn't know    her name, I said I have an applicant on the phone that would like to speak to you in reference to reasonable accommodations and immediately Dori said give her Deborah Perry's phone number and that was the end."

That was not the end. On Friday, September 1 2017, I received a call from Deborah Perry, (EEO Officer) in Vienna, Virginia. Ms. Perry left the following voice mail message: "Hi Jana. This is Deborah Perry. You had called me Tuesday I think about an issue which you had when you called ... West..... a reasonable accommodation issue so I do have a

7

couple of questions for you. So if you could just give me a call back… I have not forgotten about you. I just was trying to gather some information so I could have a response for you. So my number is 703-487-8221 and I have a couple questions. So if you could call me back I can get that information. Thanks bye bye."

August 29, 2017 was a Tuesday. September 1, 2017 was a Friday. I had called Debra Perry on August 29, 2017   after Karen Diaz relayed Dori Whiting's message to me. Debra Perry used my name, so the agency knew my name. Later, Dori Whiting admitted that she sent my "resume through with all the other resumes…"  My name got back to Robert Blocker when he called me to NOT interview me as evinced in his call below.

On September 9, 2017, I received a call from Robert Blocker, Loan Officer from the Fort Worth, Texas office of United States Small Business Administration. He left the following voice mail message: " Hi Ms. Busby. This is Rob Blocker with the Small Business Administration. I have reviewed  your resume and if you would just give me a call. I understand you had some concerns about not being called.....offered a job or an interview but please give me a call. I would like to talk with you about some of your experience and some of the things that we look for when we hire loan officers. So if you would you could please call me back at 1-800-366-6303 x 3168. Thank you.

He was temporarily in the Citrus Heights, California office helping to interview Schedule A candidates for Hurricane Harvey hiring.

8

This call evinces that staff knew my name and that although I was otherwise

qualified, and disabled, I was not interviewed.

21.

**3. Plaintiff could have performed the essential functions of the job if Plaintiff had been**

**provided with [identify specific accommodations identified]**

As a federal applicant, with reasonable accommodation, I was able to perform the

essential functions of the Loan Office/Loan Specialist job and was therefore qualified for the

Schedule A position for Hurricane Harvey in August 2017. In the Southwind Investigation,

Ms. Whiting stated, "So her resume was sent through with *all* the other resumes for qualified

individuals and once I released the - - once *I* released the resume—. They were hiring GS-9s

for home loan experience officers and I think maybe one for 2 GS - 11s were hired...and in

Miss Busby's case she had a Master's degree which qualified her for the GS-9 education."

ROI Dori Whiting 10: 23-25 11:2 -10

The essential functions of the position were computer related. With Dragon voice

activation, which I have used for over 20 years, I have been able to work as a professionally

self-employed Grant Writer, a State of California government employee and in other

computer related jobs. When I found out later in the Southwind Investigation that voice

activation is on the approved list of federal government reasonable accommodation requests,

I knew that I could have been reasonably accommodated in the Citrus Heights, California

office. Also, in Karen Diaz's testimony, the Information Technology staff stated that they

could send away for a "voice activator." I do not use this terminology. However, "voice

activator" may indicate Dragon voice activation, as in the software and the headset that is needed.

22.
**4. The [specific accommodation(s)requested] were reasonable.**

The Dragon voice activation software is not costly, easy to install and is almost 100% usable right out of the box. It works with EXCEL, Microsoft and many other computer related applications. I am positive that the United States Small Business Administration will not use an undue hardship as a defense in this litigation.

23.
**5. Defendant failed to provide [specific accommodation requested] and unreasonably failed to provide any other accommodation.**

Although such a simple fact, Debra Perry claims we spoke twice. That is not true. Debra Perry never called me back. _↗ again._ Judette never called me. Sandra Winston never got in touch with me. I do not know who Terry Simmons is or was. Simply, no one provided me with information about my specific requested reasonable accommodation request of Dragon voice activation or another type of alternate reasonable accommodation.

The US Small Business Administration took no action to identify possible accommodations or attempt accommodation. The agency did not make an individualized assessment of my qualifications and limitations with the job requirements. The US Small Business Administration took no actions to consider my suggested accommodation .

In fact, after Debra Perry called me back on September 1, 2017 to inquire about medical documentation for my disability and to ask if I needed reasonable accommodation, she said she

10

would call back. She never called me back.    A reasonable accommodation had been identified. I could have performed the essential functions of the Loan Officer/Loan Specialist position with Dragon activation. This reasonable accommodation was available and would have been effective. The US Small Business Administration did not provide me this accommodation.    The agency did not provide me any accommodation and/or a reason for not providing me one, such as an undue hardship.

I was offered the same job, same title, same Schedule A, same qualifications, but no disability self-identification, over the telephone *without an interview* for Superstorm Sandy in 2012.

In conclusion, the only person who has taken some responsibility is Dori Whiting. She has changed her testimony to admit that she did put my resume through with all the other resumes, stated that she erred, but she has not admitted full responsibility.

I am pleading full disability discrimination under disparate impact with a coverup to the highest level. Gaye Walker of a coverup of the Roster Sheets and of Judge Leach with an addition of "By the Agency" added to the issue. An overwhelming violation of justice has been carried out in my case, but possibly more importantly, a representation of the disabled population has occurred. I plead injustice on a larger scale has occurred against intelligent disabled society across this great land of ours.

1
2
3
4
5
## FIRST CLAIM FOR RELIEF

6
Disability Discrimination Based on Disparate Treatment in Violation of

7
8   the 1973 Rehabilitation Act Section 501 as amended in
the American with Disabilities Act
9
10   24.     Plaintiff, Jana Busby, incorporates by reference as if fully set forth herein the

11   allegations contained in paragraphs 1 through 23. The Rehabilitation Action section 501

12   prohibits employment practices that discriminate against persons on the basis of their

13
14   disability. Plaintiff, Jana Busby, is informed and believes and thereon allege that Defendants'

15   discriminated against Ms. Busby based upon her disability.

16
17   25.     As a direct, legal and proximate result of the discrimination, Ms. Busby, Plaintiff, has

18
19   sustained, and will continue to sustain, economic and emotional injuries, resulting in

20   damages in an amount to be proven at trial.

21
22   26. Defendants' unlawful actions were willful, malicious, and/or done with reckless disregard

23   to Plaintiff, Jana Busby,' right to be free from discrimination based on disability

24   discrimination.

25
26   27. Plaintiff, Jana Busby, is entitled to their reasonable attorneys' fees and costs of suit.

27
28

12

## SECOND CLAIM FOR RELIEF

Disability-Based Discrimination Failure to Reasonably Accommodate a Disability in Violation of the 1973 Rehabilitation Act Section 501 as amended in the American with Disabilities Act

28. Plaintiff, Jana Busby, incorporates by reference as if fully set forth herein the allegations contained in paragraphs 1 through 27, The Rehabilitation Action section 501 prohibits employment practices that discriminate against persons on the basis of their disability. Plaintiff, Jana Busby, is informed and believes and thereon allege that Defendants' discriminated against Ms. Busby based upon her disability.

## INJUNCTIVE RELIEF ALLEGATIONS

29. No plain, adequate, or complete remedy at law is available to Plaintiff, Jana Busby, to redress the wrongs addressed herein.

If this Court does not grant the injunctive relief sought herein, Plaintiff, Jana Busby, will be irreparably harmed.

13



**U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**
Office of Federal Operations
P.O. Box 77960
Washington, DC 20013

Jana L. Busby, a/k/a
Keri C.,[1]
Complainant,

v.

Linda McMahon,
Administrator,
Small Business Administration,
Agency.

Appeal No. 2019003454

Hearing No. 550-2018-00431X

Agency No. 09-17-045

<u>DECISION</u>

Complainant filed an appeal with the Equal Employment Opportunity Commission (EEOC or Commission), pursuant to 29 C.F.R. § 1614.403(a), from the Administrative Judge's (AJ) March 28, 2019 decision concerning her equal employment opportunity (EEO) complaint alleging employment discrimination in violation of Section 501 of the Rehabilitation Act of 1973 (Rehabilitation Act), as amended, 29 U.S.C. § 791 et seq.

In or about August 2017, Complainant applied for a Loan Specialist position with the Agency. On October 6, 2017, Complainant filed an EEO complaint alleging that the Agency discriminated against her on the basis of disability, when on August 29, 2017, she was told by the Agency that she could not be provided with a reasonable accommodation for her disability.

After its investigation into the complaint, the Agency provided Complainant with a copy of the report of investigation and notice of right to request a hearing before an Equal Employment Opportunity Commission (EEOC or Commission) Administrative Judge (AJ). Complainant requested a hearing. The Agency submitted a motion for a decision without a hearing. The AJ subsequently issued a decision by summary judgment in favor of the Agency.

---

[1] This case has been randomly assigned a pseudonym which will replace Complainant's name when the decision is published to non-parties and the Commission's website.

2                                                                                    2019003454

The Agency issued its final order adopting the AJ's finding that Complainant failed to prove discrimination as alleged. The instant appeal followed.

The Commission's regulations allow an AJ to grant summary judgment when he or she finds that there is no genuine issue of material fact. 29 C.F.R. § 1614.109(g). An issue of fact is "genuine" if the evidence is such that a reasonable fact finder could find in favor of the non-moving party. Celotex v. Catrett, 477 U.S. 317, 322-23 (1986); Oliver v. Digital Equip. Corp., 846 F.2d 103, 105 (1st Cir. 1988). A fact is "material" if it has the potential to affect the outcome of the case. In rendering this appellate decision we must scrutinize the AJ's legal and factual conclusions, and the Agency's final order adopting them, de novo. See 29 C.F.R. § 1614.405(a)(stating that a "decision on an appeal from an Agency's final action shall be based on a de novo review…"); see also Equal Employment Opportunity Management Directive for 29 C.F.R. Part 1614 (EEO-MD-110), at Chap. 9, § VI.B. (as revised, August 5, 2015)(providing that an administrative judge's determination to issue a decision without a hearing, and the decision itself, will both be reviewed de novo).

In order to successfully oppose a decision by summary judgment, a complainant must identify, with specificity, facts in dispute either within the record or by producing further supporting evidence, and must further establish that such facts are material under applicable law. Such a dispute would indicate that a hearing is necessary to produce evidence to support a finding that the agency was motivated by discriminatory animus. Here, however, Complainant has failed to establish such a dispute. Even construing any inferences raised by the undisputed facts in favor of Complainant, a reasonable fact-finder could not find in Complainant's favor.

Upon careful review of the AJ's decision and the evidence of record, as well as the parties' arguments on appeal, we conclude that the AJ correctly determined that the preponderance of the evidence did not establish that Complainant was discriminated against by the Agency as alleged.

Accordingly, we AFFIRM the AJ's decision finding no discrimination.

<u>STATEMENT OF RIGHTS - ON APPEAL</u>
<u>RECONSIDERATION (M0617)</u>

The Commission may, in its discretion, reconsider the decision in this case if the Complainant or the Agency submits a written request containing arguments or evidence which tend to establish that:

1.  The appellate decision involved a clearly erroneous interpretation of material fact or law; or

2.  The appellate decision will have a substantial impact on the policies, practices, or operations of the Agency.

Requests to reconsider, with supporting statement or brief, must be filed with the Office of Federal Operations (OFO) **within thirty (30) calendar days** of receipt of this decision.

A party shall have **twenty (20) calendar days** of receipt of another party's timely request for reconsideration in which to submit a brief or statement in opposition. See 29 C.F.R. § 1614.405; Equal Employment Opportunity Management Directive for 29 C.F.R. Part 1614 (EEO MD-110), at Chap. 9 § VII.B (Aug. 5, 2015). All requests and arguments must be submitted to the Director, Office of Federal Operations, Equal Employment Opportunity Commission. Complainant's request may be submitted via regular mail to P.O. Box 77960, Washington, DC 20013, or by certified mail to 131 M Street, NE, Washington, DC 20507. In the absence of a legible postmark, the request to reconsider shall be deemed timely filed if it is received by mail within five days of the expiration of the applicable filing period. See 29 C.F.R. § 1614.604. The agency's request must be submitted in digital format via the EEOC's Federal Sector EEO Portal (FedSEP). See 29 C.F.R. § 1614.403(g). The request or opposition must also include proof of service on the other party.

Failure to file within the time period will result in dismissal of your request for reconsideration as untimely, unless extenuating circumstances prevented the timely filing of the request. Any supporting documentation must be submitted with your request for reconsideration. The Commission will consider requests for reconsideration filed after the deadline only in very limited circumstances. See 29 C.F.R. § 1614.604(c).

## COMPLAINANT'S RIGHT TO FILE A CIVIL ACTION (S0610)

You have the right to file a civil action in an appropriate United States District Court **within ninety (90) calendar days** from the date that you receive this decision. If you file a civil action, you must name as the defendant in the complaint the person who is the official Agency head or department head, identifying that person by his or her full name and official title. Failure to do so may result in the dismissal of your case in court. "Agency" or "department" means the national organization, and not the local office, facility or department in which you work. If you file a request to reconsider and also file a civil action, **filing a civil action will terminate the administrative processing of your complaint**.

## RIGHT TO REQUEST COUNSEL (Z0815)

If you want to file a civil action but cannot pay the fees, costs, or security to do so, you may request permission from the court to proceed with the civil action without paying these fees or costs. Similarly, if you cannot afford an attorney to represent you in the civil action, you may request the court to appoint an attorney for you. **You must submit the requests for waiver of court costs or appointment of an attorney directly to the court, not the Commission.** The court has the sole discretion to grant or deny these types of requests.

4                                        2019003454

Such requests do not alter the time limits for filing a civil action (please read the paragraph titled Complainant's Right to File a Civil Action for the specific time limits).

FOR THE COMMISSION:

Carlton M. Hadden, Director
Office of Federal Operations

February 6, 2020
Date

5                                          2019003454

## CERTIFICATE OF MAILING

**For timeliness purposes, the Commission will presume that this decision was received within five (5) calendar days after it was mailed.** I certify that this decision was mailed to the following recipients on the date below:

Jana L. Busby
1305 37th Street
Sacramento, CA  95816

Sandra A. Winston, Deputy Assistant Administrator
Equal Employment Opportunity and Civil Rights Compliance
Small Business Administration
409 Third St., SW  #6800
Washington, DC  20416

February 6, 2020
Date

Compliance and Control Division